UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| CHRISTOPHER M. COLL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 20-10792-JCB |
| | ) | |
| MIDDLESEX HOUSE OF | ) | |
| CORRECTION, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM AND ORDER

May 18, 2020

Boal, M.J.

For the reasons set for forth below, the Court denies without prejudice plaintiff's Motion

for Order and Application to Proceed in District Court Without Prepaying Fees or Costs.  If

plaintiff wishes to proceed with this action, the Court grants him time to file (1) a renewed

Application to Proceed in District Court Without Prepaying Fees or Costs accompanied by a

copy of his prison account statement and (2) an amended complaint that sets forth a plausible

claim upon which relief may be granted.

I.      BACKGROUND

On April 23, 2020, plaintiff Christopher M. Coll, now in custody at the Middlesex Jail

and House of Correction, filed a pro se civil rights complaint naming the following defendants

(1) the Middlesex House of Correction; (2) Peter J. Koutoujian, Middlesex County Sheriff; (3)

Osvaldo Vidal, Superintendent, Middlesex Jail and House of Correction; (4) Kathleen Shultz;

Medical Director, Middlesex Jail and House of Correction; and (5) an employee of the

Middlesex Jail and House of Correction identified as "Transport Driver."  Docket No. 1.

Plaintiff did not pay the filing fee nor file a motion for leave to proceed *in forma pauperis*.

The complaint consists of four handwritten pages and is accompanied by ten pages of

exhibits. Coll alleges that the defendants violated the Eighth Amendment by discontinuing

certain medications upon his arrival at the Middlesex Jail and House of Correction.  He

complains that he is provided the bare minimum of medication, some of which are ineffective.

Coll alleges that he was injured on December 5, 2019, while being transported in a van for a

court appearance.  Coll attributes his injuries to a lack of safety devices such as seatbelts and/or

handgrips.  Coll seeks compensatory and punitive damages as well as unspecified declaratory

and injunctive relief.

On April 27, 2020, Coll was ordered either to pay the $400.00 filing and administrative

fees or file an application to proceed *in forma pauperis* accompanied by a certified prison

account statement.  Docket No. 4.

On May 5, 2020, Coll filed a one-paragraph document seeking "a protection order from

retaliation from the jail, as this case moves forward."  Docket No. 5.

On May 11, 2020, Coll filed an Application to Proceed in District Court Without

Prepaying Fees or Costs.  Docket. No. 6.  Coll did not file a copy of his prison account statement.

II.     APPLICATION TO PROCEED IN
        <u>DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>

In response to the Court's April 27, 2020 Procedural Order, Coll filed an Application to

Proceed in District Court Without Prepaying Fees or Costs.  Docket No. 6.  He did not,

however, as ordered file a copy of a certified prison account statement. Therefore, the

Application will be denied without prejudice to refiling with a copy of his prison account

statement.  Based on the information contained in the prison account statement, the Court will

direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's

account, followed by payments on a monthly basis until the $350.00 filing fee is paid in full.  See

28 U.S.C. § 1915(b)(1)-(2).

III.    PRELIMINARY SCREENING

When a prisoner files a complaint seeking redress from a governmental entity or officers

or employees of a governmental entity, summonses do not issue until the Court reviews the

complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915A.

Section 1915A authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein

lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or

seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §

1915A(b).

When examining the sufficiency of the pleadings, the Court considers whether the

plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation

omitted).  The Court must distinguish between "the complaint's factual allegations (which must

be accepted as true) from its conclusory legal allegations (which need not be credited)." Morales-

Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012).

The "most basic of pleading requirements" obligates a plaintiff to make more than a

fleeting reference to a ground for relief. Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 88 (1st

Cir. 2008). " '[I]f claims are merely insinuated rather than actually articulated,' courts are not

required to make determinations on them." Colón-Fontánez v. Municipality of San Juan, 660

F.3d 17, 45 (1st Cir. 2011) (quoting <u>McCoy v. Mass. Inst. of Tech.</u>, 950 F.2d 13, 22 (1st Cir. 1991)).

While Coll may include exhibits that are relevant to the claims, <u>see</u> Fed. R. Civ. P. 10(c), use of exhibits does not excuse Coll of his responsibility to clearly and succinctly set forth the relevant allegations in the body of the complaint.  "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why…"  <u>Educadores Puertorriqueños en Acción v. Hernandez</u>, 367 F.3d 61, 68 (1st Cir. 2004).   Furthermore, the claims in a complaint must be stated in numbered paragraphs.  <u>See</u> Fed. R. Civ. P. 10(b)(requiring a plaintiff "state [his] claims. . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

In conducting the preliminary screening, the Court liberally construes the complaint because the plaintiff is proceeding *pro se*. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

IV.    <u>ANALYSIS</u>

As an initial matter, to the extent that Coll is suing the Middlesex County Jail and House of Correction itself, his claims are not plausible because a prison is not a suable entity under § 1983.  <u>See</u> <u>Stratton v. City of Boston</u>, 731 F.Supp. 42, 26 (D.Mass.1989); <u>see also</u> <u>Lynch v. City Of Phila.</u>, 408 Fed. Appx. 527 (3d Cir. 2011) (a prison system is not a suable entity under § 1983); <u>Marsden v. Federal Bureau of Prisons</u>, 856 F.Supp. 832 (S.D.N.Y.1994) ("a jail is not an entity that is amenable to suit.").

To the extent Coll brings suit against the Sheriff, the Superintendent, and Medical Director, the complaint fails to allege any facts concerning these defendants' direct involvement in the alleged constitutional violations.  The complaint does not contain any factual allegations directed against the Sheriff and Superintendent, and as to the Medical Director, Coll alleges that

she met Coll at "staff access Tuesday" and "signed of[f]" on a grievance. Compl. at ¶ 13.   The

exhibits also mention Defendant Schultz but also in a supervisory capacity.  Section 1983 "does

not impose purely supervisory liability; it aims at persons who have actually abused their

positions of authority, and hence only persons who were directly involved in the wrongdoing

may be held liable."  Martinez-Velez v. Rey-Hernandez, 506 F.3d 32, 41 (1st Cir. 2007) (internal

quotation marks and citations omitted).  Thus, the complaint fails to state a plausible claim

against the Sheriff, Superintendent and Medical Director.

Although the use of fictitious names to identify defendants is not favored, situations may

arise where the identity of an alleged defendant cannot be known prior to the filing of a

complaint. See Martínez-Rivera v. Ramos, 498 F.3d 3, 8 (1st Cir. 2007).  Here, the defendant

identified as "Transport Driver" is a real person whose name is unknown to Coll.  However, the

complaint contains no factual allegations concerning this defendant.  Thus, the complaint is

subject to dismissal.

If Coll wishes to pursue this action, he must file an amended complaint that clearly

identifies who the defendants are, what each defendant did wrong, and the legal claim against

each party.   Any amended complaint must be set forth "in numbered paragraphs, each limited as

far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Further, where a

plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be

limited to those "arising out of the same transaction, occurrence, or series of transactions or

occurrences."  Fed. R. Civ. P. 20(a)(2)(A).

Because an amended complaint completely supersedes an original complaint, Brait

Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011),

Plaintiff should repeat in the amended complaint anything from the original complaint that he

wishes to be part of the operative complaint.  Plaintiff may not, for example, incorporate by reference allegations from the prior complaint into the amended complaint.

In evaluating the sufficiency of the amended complaint, the Court will not look to the original complaint and will either direct the Clerk to issue summons or direct the reassignment of the case to a District Judge for further review.

V.      MOTION FOR ORDER

Coll filed a one-paragraph document seeking "a protection order from retaliation from the jail, as this case moves forward."  (Doc. No. 5).  Coll states that his "story follow [him] and [he has] had an issue with a couple [of correctional officers]."  Id.

Coll's request appears to concern matters that arose subsequent to the filing of this action, and as such, could be considered as an attempt at creating a supplemental pleading. Fed. R. Civ. P. 15(d) (events occurring since date of complaint are proper for inclusion in a supplemental pleading).  The new allegation concerning retaliation does not add a new cause of action arising from factual allegations already made by plaintiff, but appears to be an entirely new claim.  As such, it should be included in any amended complaint file by Coll.

VI.     CONCLUSION

For the foregoing reasons,

(1)  the Motion for Order and Application to Proceed in District Court Without Prepaying Fees or Costs is denied without prejudice;

(2)  if Coll wishes to proceed with this action, he must file, within 28 days of the date of this Memorandum and Order, (1) an amended complaint curing the pleading deficiencies and setting forth a plausible claim upon which relief may be granted and (2) a renewed Application with a copy of Coll's prison account statement; and

(3)  failure to comply with these directives will subject this case to dismissal without prejudice.

SO ORDERED.

 /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge